**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *- v. -* | **Case No:** 1:22-MJ-92 |
| **KEVIN MCAVENIA,** | |
| *Defendant*. | |

## UNOPPOSED MOTION TO MODIFY CONDITIONS OF BOND

**COMES NOW** the Defendant, **Mr. Kevin McAvenia**, by and through undersigned Counsel, respectfully moves this Honorable Court to modify the conditions of Mr. McAvenia's bond. Accordingly, Mr. McAvenia respectfully requests that this Court issue the attached Order Modifying Conditions of Bond, and in support of said Order, Mr. McAvenia states the following:

1. Mr. McAvenia is accused of one (1) count of receipt of child pornography, in violation of 18 U.S.C. 2252(a)(2). He was arrested on this charge and entered his initial appearance in the Eastern District of Virginia on the same day, April 20, 2022, where his detention and preliminary hearings were set for the following day, April 21, 2022.

2. The following day, Mr. McAvenia appeared before Hon. Ivan D. Davis, United States Magistrate Judge for the Eastern District of Virginia for the preliminary and detention hearings. Judge Davis ordered Mr. McAvenia released on pretrial conditions pending further legal proceedings.

3. The pretrial conditions recommended included conditions regarding his third-party custodian, and his access to phones with internet access.

4. The Pretrial Conditions this Court approved included: "(2) Release to and reside in the third-party custody of Karen McAvenia;"

5. Karen McAvenia Mr. McAvenia's mother. She is scheduled to travel from May 21-25, 2022. Mr. McAvenia's supervising pre-trial officer in New Jersey reached out to the local EDVA pretrial officer who then contacted undersigned counsel to inform that Mrs. McAvenia was going to be traveling and that their office approved of his aunt Janice McAvenia to be added as an approved third-party custodian of Mr. McAvenia.

6. Janice McAvenia has been vetted by the New Jersey pretrial office, and has the approval of the local pretrial officer, Ms. Vakida Wilson.

7. This Court's pretrial conditions also address Mr. McAvenia's computer and phone usage as it relates to the devices having access to the internet. This Court entered as a condition of Mr. McAvenia's bond, that: (4) The defendant shall not access a computer and/or the internet *unless a computer monitoring program has been installed by the probation office. The defendant shall consent to the installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations.* The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The cost of the monitoring will be paid by the defendant; (emphasis added).

8. The pretrial conditions go on to indicate that "(5) Refrain from possessing or utilizing any video gaming system and console, *phones with internet capabilities*, or other such

devices which would enable contact and/or sharing of data with other individuals known or unknown to the defendant".

9. Upon Mr. McAvenia's release from EDVA custody, Mr. McAvenia was informed by the EDVA pretrial officers that he may have a smart phone as long as it had the proper internet monitoring software installed so that his pretrial officers could monitor his activity, and that it was an "android" based phone.

10. Mr. McAvenia was informed however, by his pretrial officer in New Jersey that they believed that the verbal directive from the EDVA pretrial officer was inconsistent with the Court's written order, and that the written order trumps what he was told.

11. Upon speaking with Mr. McAvenia's local pretrial officer, Ms. Vakida Wilson, she stated: "…I do not have an objection to his aunt (Janice McAvenia) being named as his temporary 3PC as Officer Jenkins in the District of New Jersey vetted her.  Similarly, I do not have an objection to the defendant possessing an smartphone provided that: The defendant shall not have access to a smartphone unless computer monitoring software has been installed on that device. The defendant will not tamper with, reverse engineer, or in any way circumvent the software installed on the phone. Cost of monitoring is to paid by the defendant.  The defendant should obtain an android device."

12. Undersigned Counsel has conferred with counsel for the United States, Special Assistant United States Attorney Rachel L. Rothberg.  The United States does not oppose the proposed modifications of Mr. McAvenia's conditions of bond.

ACCORDINGLY, Mr. McAvenia respectfully requests that this Court grant his request to modify his conditions of bond to add Janice McAvenia as a third-party custodian, and to allow Mr. McAvenia permission to use internet capable phones if it is monitored by his pretrial officer.

**KEVIN MCAVENIA,**
By Counsel
Respectfully submitted,

_____/s/_____
G. "Rex" Flynn, Jr. (VSB #78489)
*Counsel for Defendant*
**The Flynn Law Firm, PLLC**
2111 Wilson Boulevard
Suite 700-F
Arlington, Virginia 22201
703-310-7624 Phone
703-310-7625 Facsimile
Rex.Flynn@FlynnPLLC.com

### CERTIFICATE

I hereby certify that on this **18th** day of **May**, 2022 I emailed a copy of the foregoing Unopposed Motion to Modify Conditions of Bond to Ms. Rachel L. Rothberg, and caused a copy to be served upon all counsel of record, via CM/ECF

_____/s/_____
G. "Rex" Flynn, Jr.