IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN MCAVENIA,<br><br>*Defendant*. | Case No. 1:22-CR-86<br><br><u>Count 1</u>: 18 U.S.C. § 2252(a)(2) & (b)(1)<br>Receipt of Child Pornography<br><br><u>Count 2</u>: 18 U.S.C. § 2252(a)(1) & (b)(1)<br>Transportation of Child Pornography<br><br><u>Count 3</u>: 18 U.S.C. § 2252(a)(4)(B) & (b)(2)<br>Possession of Child Pornography<br><br><u>Forfeiture Notice</u>: 18 U.S.C. § 2253(a) |

## INDICTMENT

June 2022 Term – at Alexandria, Virginia

### COUNT ONE
### (Receipt of Child Pornography)

THE GRAND JURY CHARGES THAT:

From at least on or about July 26, 2021, through on or about January 8, 2022, within the Eastern District of Virginia and elsewhere, the defendant, KEVIN MCAVENIA, knowingly received and attempted to receive one or more visual depictions using a means and facility of interstate and foreign commerce, and which visual depictions had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and such visual depictions were of such conduct, namely: visual depictions of minors engaged in sexually explicit

conduct that MCAVENIA received and attempted to receive via the Internet using a Lenovo Thinkpad X1 laptop computer (S/N: PF-27XCXY).

(In violation of Title 18, United States Code, Section 2252(a)(2) & (b)(1).)

## COUNT TWO
### (Transportation of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

From at least on or about December 11, 2020, through on or about January 3, 2021, within the Eastern District of Virginia and elsewhere, the defendant, KEVIN MCAVENIA, knowingly transported and attempted to transport one or more visual depictions using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, and the visual depictions were of such conduct.

(In violation of Title 18, United States Code, Section 2252(a)(1) & (b)(1).)

## COUNT THREE
### (Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES THAT:

On or about January 14, 2022, in Arlington, Virginia, within the Eastern District of Virginia, the defendant, KEVIN MCAVENIA, knowingly possessed and attempted to possess at least one matter containing one or more visual depictions that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which was produced using materials which had been so shipped and transported, by any means, including by computer; and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, namely: an Intel Processor desktop computer (S/N: BTHN02300729) and a Synology Network Attached Storage device (S/N: 2140RLRM5QNT) containing videos and still images of minors engaging in sexually explicit conduct.

It is further alleged that a visual depiction involved in the offense involved a prepubescent minor, and a minor who had not attained 12 years of age.

(In violation of Title 18, United States Code, Section 2252(a)(4)(B) & (b)(2).)

## FORFEITURE NOTICE

THE GRAND JURY HEREBY FINDS THAT:

1. Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, KEVIN MCAVENIA, is hereby notified that, if convicted of any Count of this Indictment, MCAVENIA shall forfeit to the United States the following property as part of the sentencing:

    a. any matter which contains any visual depiction described in Title 18, U.S. Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260, which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the U.S. Code;

    b. any property, real or personal, used or intended to be used to commit or to promote the commission of Counts 1, 2 or 3 of this Indictment, or any property traceable to such property; and

    c. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the commission of Counts 1, 2 or 3 of this Indictment.

(CONTINUED ON NEXT PAGE)

2. The property subject to forfeiture includes, but is not limited to, the following:

   a. Lenovo Thinkpad X1 laptop computer (S/N: PF-27XCXY);

   b. Intel Processor desktop computer (S/N: BTHN02300729); and

   c. Synology Network Attached Storage device (S/N: 2140RLRM5QNT) with cord.

3. If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with Title 18, United States Code, Section 2253,
Title 21, United States Code, Section 853(p); and Fed. R. Crim P. 32.2.)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

_____
FOREPERSON

JESSICA D. ABER
UNITED STATES ATTORNEY

By: *Rachel L. Rothberg*
Rachel L. Rothberg
Special Assistant United States Attorney (LT)

6

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.